Robert T. Szyba
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500
rszyba@seyfarth.com

*Attorneys for Defendant Infomatics LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, PETER ANDREYEV,<br><br>           Plaintiffs,<br><br>   v.<br><br>INFOMATICS, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>           Defendants. | Civil Action No.: 24-CV-4041<br><br>**NOTICE OF REMOVAL** |

TO:   Clerk of the Court
        Martin Luther King Building & U.S. Courthouse
        50 Walnut Street
        Newark, NJ 07101

**PLEASE TAKE NOTICE** that Defendant Infomatics LLC ("Defendant"), by its attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal with respect to the case identified as Atlas Data Privacy Corporation, et al. v. Infomatics LLC, et. al., Docket No. BER-L-000872-24 (the "State Court Action"), from the

Superior Court of New Jersey, Law Division, Bergen County. In support of this Notice of Removal, Defendant states as follows:[1]

**Timeliness of Removal**

1. On February 8, 2024, Plaintiff Atlas Data Privacy Corporation, as the assignee of individuals who are "Covered Persons" under Daniel's Law, P.L. 2023, c. 113, *N.J.S.A.* 56:8-1166.1 ("Daniel's Law"), along with various law enforcement officers, filed a Complaint with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County. True and correct copies of the Summons, Complaint, initiating service documents, and State Court docket are annexed hereto as **Exhibit A**.

2. Defendant has filed no pleadings in the State Court Action.

3. Defendant was served with the Complaint on or about February 20, 2024.

4. Because Defendant has filed this Notice of Removal within thirty (30) days of service, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

**Basis for Removal**

5. The basis for removal is diversity of citizenship under 28 U.S.C. § 1332, in that:

   (a) Plaintiff Atlas Data Privacy Corporation alleges that it is a Delaware Corporation with offices at 201 Montgomery Street, Suite 263, Jersey City, NJ 07302 (Compl. ¶ 18). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Rose v. Mattress Firm, Inc.*, No. 21-1560, 2021 WL 4520647, at *1 (3d Cir. Oct. 4, 2021) (quoting *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)). Thus, Atlas Data Privacy Corporation has alleged it is a citizen of the States of Delaware and New Jersey. Defendant notes these allegations for purposes of federal jurisdiction, but does not concede the truth of any allegations in the Complaint.

   (b) Upon information and belief, Plaintiff Peter Andreyev alleges he is a resident of the State of New Jersey. (*See* Compl. ¶ 17.) According to the Complaint, Andreyev is "Executive Vice President of the New Jersey

---

[1] In making this removal, Defendant does not concede the allegations in the Complaint.

    State Policemen's Benevolent Association." (*See id*.); *see also Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) (persuasive evidence of one's residence includes "place of employment . . . and civic life in a jurisdiction").[2]

 (c) Defendant Infomatics LLC is, and at the time of the commencement of this action was, a limited liability company formed under the laws of the State of California, with its corporate headquarters and principal place of business in California. The citizenship of a limited liability company is determined by the citizenship of each of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 430 (3d Cir. 2010). Infomatics LLC is a limited liability company which is wholly owned by an individual person residing in the State of California. Thus, Infomatics LLC is considered a citizen of the State of California.

6. Accordingly, this action is one in which none of the parties in interest, properly joined and served as a defendant, is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b).

7. While Defendant denies any liability as to Plaintiff's claims, Defendant believes in good faith that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

8. Here, Plaintiff Atlas Data Privacy Corporation, asserts claims against Defendant "as the assignee of individuals who are Covered Persons under Daniel's Law[,]" along with various law enforcement officers. (Compl. pg. 1). Plaintiffs allege that the Covered Persons amount to "**approximately 19,806 individuals** . . . including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors. (Compl. ¶ 19) (emphasis added). Plaintiffs further allege that Defendant violated Daniel's Law by "disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites or through other means of disclosure." (Compl. ¶ 21).

---

[2] In view of Daniel's Law, the Complaint does not state the location of Andreyev's residence.

9. Plaintiffs seek to recover actual damages, not less than liquidated damages as allowed under Daniel's Law, at "$1,000 for each violation." *See* Compl., Wherefore Clause ¶ B; Daniel's Law § c(1) ("The Court shall award . . . actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act."). The Complaint does not specify nor attempt to quantify the exact number of alleged violations. But considering Plaintiffs' allegation that Defendant "engage[s] in the disclosure of data and information through one or more websites or applications" the cumulative exposure at $1,000 per each alleged violation of the act, for approximately 19,806 individuals across multiple platforms, by itself, likely exceeds the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a).

8. Further, Plaintiffs seek to recover attorneys' fees as allowed under Daniel's Law. *See* Compl., Wherefore Clause ¶ D; Daniel's Law § c(3) ("The Court shall award . . . reasonable attorney's fees."). "With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute." *Thompson v. Travelers Indemnity Co.*, No. 23-cv-02630, 2024 WL 340933, at *2 (D.N.J. Jan. 30, 2024); Wright & Miller, 14AA Fed. Prac. & Proc. Juris. § 3704.2 (4th ed.) ("[i]f a state statute allows an award of attorneys' fees . . . the prospect of those fees being awarded can be factored into the amount in controversy.").

9. Finally, Plaintiffs also seek to recover punitive damages as allowed under Daniel's Law. *See* Compl., Wherefore Clause ¶ C; Daniel's Law § c(2) ("The Court shall award . . . punitive damages."). Accordingly, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Hirsch v. Jewish War Veterans of Am.*, 537 F. Supp. 242, 244 n.3 (E.D. Pa. 1982) (punitive damages must be taken into account where recoverable under state law).

10. In sum, the actual damages, attorneys' fees, and punitive damages would collectively exceed $75,000 if Plaintiffs were to prevail at trial.

11. Therefore, because diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a), this case falls within the original jurisdiction of this Court and is subject to removal on diversity grounds.

12. This Notice of Removal is being filed in the United States District Court for the District of New Jersey, Newark Vicinage because this is the district court vicinage in which the State Court Action is pending. 28 U.S.C. § 1441(a).

13. Pursuant to 28 U.S.C. § 1446, Defendant will file written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division. Defendant will also serve a copy of the notice filed with the Superior Court of New Jersey on counsel for Plaintiffs.

14. By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity, or otherwise.

WHEREFORE, Defendant respectfully requests that the above-referenced civil action proceed in the United States District Court for the District of New Jersey, Newark Vicinage as an action properly removed thereto.

Dated: March 20, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Robert T. Szyba*
Robert T. Szyba
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
rszyba@seyfarth.com

*Attorneys for Defendant Infomatics LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2024, a true and correct copy of DEFENDANT'S NOTICE OF REMOVAL WITH EXHIBIT A, CIVIL COVER SHEET, and DIVERSITY JURISDICTION FORM, were electronically filed with the Clerk of the District Court and served upon counsel for Plaintiffs at the following address of record via FedEx overnight mail, postage prepaid:

Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
Genova Burns LLC
494 Broad Street
Newark, NJ 07102

*/s/ Robert T. Szyba*
Robert T. Szyba

Dated: March 20, 2024

14728655v.1