Robert T. Szyba
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York  10018
Telephone:  (212) 218-5500
rszyba@seyfarth.com

*Attorneys for Defendant Infomatics, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, PETER ANDREYEV, <br><br> Plaintiffs, <br><br> v. <br><br> INFOMATICS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | Civil Action No. 1:24-cv-04041-HB <br><br> **DEFENDANT INFOMATICS LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

NOW COMES Defendant, Infomatics, LLC ("Infomatics" or "Defendant"), by and

through its attorneys, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure,

hereby submits its Answer to Plaintiffs' Complaint, and asserts its affirmative and other defenses

as follows:

## INTRODUCTION

### COMPLAINT ¶1:

In these tumultuous times, it is critical that the most sensitive personal information of
those who serve the public be protected from unwarranted disclosure. As set forth below,
Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement
officers, and prosecutors — and their families — with the right to prevent the disclosure of their

320602922v.1

home addresses and unpublished home telephone numbers, and to enforce those rights against uncooperative profit-seeking data brokers.

**ANSWER:**

The allegations in Paragraph 1 of the Complaint consist entirely of legal conclusions and, therefore, no answer is required to the allegations in Paragraph 1 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 1 of the Complaint that are inconsistent with the cited law. Infomatics denies any remaining allegations in Paragraph 1 of the Complaint.

**COMPLAINT ¶2:**

This complaint seeks to protect those important rights, against companies brokering data and choosing profit and personal gain over a critical public interest and the unequivocal mandate of the law. Companies in the business of disclosing this protected information have avoided accountability for far too long, proffering such information, including home addresses and unpublished home telephone numbers, without sufficient regard for the risks and consequences imposed upon individuals who serve critical judicial and law enforcement roles.

**ANSWER:**

Infomatics denies the allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

The Legislature and Governor unanimously agree that the basic safety of those who serve — and their families - must be assured. Here, not only do the data brokers wantonly and repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of those who serve. Our judges, law enforcement officers and prosecutors should receive the full measure of protection afforded to them under the same laws they enforce for the safety of all citizens.

**ANSWER:**

With respect to those allegations directed toward Infomatics, Infomatics denies the allegations in Paragraph 3 of the Complaint. Infomatics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint.

320602922v.1

**COMPLAINT ¶4:**

With this action, Plaintiffs seek to enforce the important rights granted to judges, law enforcement officers, and prosecutors under Daniel's Law. Consistent with the statutory provisions, Atlas brings this action as an assignee for certain individuals, including many family members of law enforcement officers and prosecutors. Plaintiffs seek all available injunctive relief and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

**ANSWER:**

Infomatics admits that Plaintiffs purport to bring this action for alleged violations of

Daniel's Law. Infomatics denies having violated Daniel's Law, or any other law, denies that

Plaintiffs are entitled to any relief whatsoever from Infomatics, and denies any remaining

allegations in Paragraph 4 of the Complaint.

## BACKGROUND

**COMPLAINT ¶5:**

In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was shot dead by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just age 20 and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents. By the time his mother, a Judge, came to the door to check on what happened, the killer was gone. But her husband was critically wounded, and Daniel tragically died from the gunshot.

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and went to their home that day intending to kill her. Instead, he murdered the Judge's son and almost succeeded in killing her husband as well. Investigators eventually connected this attack with another shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman. Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to what was pending before Daniel's mother.

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

Critically, the gunman was able to find the home addresses of both of his murder victims through the various people finder resources available on the internet,[1] the same kind of data broker services at issue in this case.

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

In response to the shooting of Daniel, New Jersey enacted Daniel's Law within a few months, in November 2020 (P.L. 2020, c. 125 codified in N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person. Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of Judges and prosecutors.

**ANSWER:**

The allegations in Paragraph 8 of the Complaint consists entirely of legal conclusions

and, therefore, no answer is required to the allegations in Paragraph 8 of the Complaint. To the

extent an answer is required, Infomatics denies any allegations in Paragraph 8 of the Complaint

that are inconsistent with the cited statute. Infomatics denies any remaining allegations in

Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade,

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed." Data brokers must cease disclosure of this protected information within 10 business days of receiving a nondisclosure request from a covered person.

**ANSWER:**

The allegations in Paragraph 9 of the Complaint consists entirely of legal conclusions and, therefore, no answer is required to the allegations in Paragraph 9 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 9 of the Complaint that are inconsistent with the cited statute. Infomatics denies any remaining allegations in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law. The Chief Justice was quoted stating, "[t]he law requires every judge to swear an oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety ... [a] judicial system cannot and should not live in fear."[2]

**ANSWER:**

The allegations in Paragraph 10 of the Complaint consist entirely of legal conclusions and incomplete quotations and, therefore, no answer is required to the allegations in Paragraph 10 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 10 of the Complaint that are inconsistent with Chief Justice Roberts' statements. Infomatics denies any remaining allegations in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

The federal bill, which had broad bipartisan support in both the House and Senate, protected judges' personally identifiable information from resale by data brokers. It allowed federal judges to redact their personal information displayed on federal government internet sites.

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.

**ANSWER:**

The allegations in Paragraph 11 of the Complaint consist entirely of legal conclusions and, therefore, no answer is required to the allegations in Paragraph 11 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 11 of the Complaint that are inconsistent with the cited statute. Infomatics denies any remaining allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

The U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4] Violence Against Police Officers and Judges Has Not Stopped

**ANSWER:**

The allegations in Paragraph 12 of the Complaint consist entirely of legislative history and, therefore, no answer is required to the allegations in Paragraph 12 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 12 of the Complaint that are inconsistent with the cited statute and/or its legislative history. Infomatics denies any remaining allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Judges, law enforcement officers, and prosecutors put their lives on the line every day, which is clearly exhibited by numerous horrific stories of violence beyond the story of the murder of Daniel Anderl. For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers and their 10-day old infant. That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

---

[3] http s ://www.uscourts. gov/news/2022/12/16/congress-passes-daniel-anderl judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policv-bill-that-remembers-3-new-ierseyans.html.
[5] Shooters Open Fire On Home Of New Jersey Police Officers In `Targeted Attack,' Chief Says (forbes.com).

## COMPLAINT ¶14:

More recently, another perpetrator hunted and killed in cold blood a Maryland Judge, after a child custody ruling.[6] The killing followed that of a Wisconsin Judge in 2022, where the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[7]

## ANSWER:

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 14 of the Complaint.

## THE PARTIES

## COMPLAINT ¶15:

Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a decorated veteran police officer working in Northern New Jersey. Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state. Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence. In the subsequent investigation, digital devices recovered from the organization's leadership were analyzed and photographs of Officer Doe-1's personal residence were identified. Officer Doe-1 lives in the home with her spouse and their young child. Evidence recovered in the investigation included night-time photography of the young child's bedroom and playroom windows, with the light on while the child was playing inside. Further investigation revealed that the criminal organization's leadership had hired a private investigator who searched online data broker websites to obtain the officer's home address. Having identified her home address, text messages confirmed that they had initiated surveillance and were tracking Officer Doe-1's movements to and from her home, immediately prior to the task force initiating arrests.

## ANSWER:

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 15 of the Complaint.

## COMPLAINT ¶16:

Plaintiff JANE DOE-2, whose name has been anonymized for safety reasons, is a veteran correctional police officer who lives in Northern New Jersey with her husband and two young children. Earlier in her career, Officer Doe-2 was the subject of a death threat from a hostile inmate. The inmate stated that they intended to kill Officer Doe-2, and further implied that they would rely upon a particular private investigator to track down Officer Doe-2's home address to

---

[6] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says I CNN.
[7] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say  CNN.

facilitate the murder. This death threat was investigated and considered credible enough to result in a successful criminal prosecution. Part of Officer Doe-2's current duties include working in her correctional facility's law library, where inmates have access to the Internet including online data broker websites and services. Recently Officer Doe-2 and her coworkers discovered a note left behind by an inmate which included the full name and home address of a young female member of the jail's administrative staff. The most effective ways to safeguard the security and privacy of their home addresses - for their own safety and that of their family members - is a frequent topic of discussion and concern among the correctional police officers working at Officer Doe-2's facility.

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Plaintiff Officer PETER ANDREYEV is a 32-year veteran of the Point Pleasant, New Jersey police department. Officer Andreyev currently services as the Executive Vice President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state. During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service. Officer Andreyev has counseled many other officers who have been the target of violent threats on ways to protect themselves and their family members from harm. whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

320602922v.1

**COMPLAINT ¶19:**

As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 19,806 individuals who are all "covered persons" under Daniel's Law (together, the "Covered Persons"), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.

**ANSWER:**

Infomatics admits that Atlas and purports to bring claims on behalf of "Covered Persons," for alleged violations of Daniel's Law. Infomatics denies having violated Daniel's Law, or any other law, denies that Atlas is entitled to any relief whatsoever from Infomatics, and denies any remaining allegations in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

The Covered Persons include individuals who reside, work or had previously resided or worked in New Jersey, and qualify as "covered persons" as that term is defined under Daniel's Law, each of whom have claims against Defendants for failing to comply with Daniel's Law.

**ANSWER:**

On information and belief, Infomatics admits that the "Covered Persons" qualify as "covered persons," as that term is defined by Daniel's Law. Infomatics denies having violated Daniels' Law, or any other law, denies that the Covered Persons are entitled to any relief whatsoever from Infomatics, and denies any remaining allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

As set forth in more detail below, the Covered Persons (as well as the Individual Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites or through other methods of disclosure.

**ANSWER:**

Infomatics admits that it received requests from certain persons seeking to have certain personal identifying information removed from Infomatics' website. Infomatics denies the

remaining allegations in Paragraph 21 of the Complaint, and specifically denies that it violated

Daniel's Law, or any other law.

## COMPLAINT ¶22:

Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs) as required by the law.

## ANSWER:

Infomatics denies the allegations in Paragraph 22 of the Complaint.

## COMPLAINT ¶23:

In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas.

## ANSWER:

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 23 of the Complaint.

## COMPLAINT ¶24:

Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other covered persons. Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, was to increase the safety and well-being of their members and associated households by helping those members to understand and assert the rights provided to them by the law.

## ANSWER:

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 24 of the Complaint.

## COMPLAINT ¶25:

Upon signing up for Atlas, a law enforcement officer or other Covered Person is  asked a series of questions to collect required personal information and qualify their eligibility as a

10

covered person under Daniel's Law. Once eligibility is confirmed, they are shown a page explaining how the Atlas platform works:

## How Atlas Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your home address or phone number. Atlas provides you with tools and services to help make the process more efficient.

1   **We identify data brokers that may be disclosing your personal information.** As of January 2024, our system tracks over 1,000 data brokers who operate in the United States.

2   **You select the data brokers to whom you want to send takedown notices.** We have lists of data brokers that we recommend, in order to make the selection process easier and more efficient. Alternatively, you can select recipients individually.

3   **You review takedown notice templates.** AtlasMail provides you with templates for takedown notice emails.

4   **You send takedown notices.** Your Atlas service includes an AtlasMail email address. You can use this email address to send takedown notices. More information about AtlasMail will be on the next screen.

Back                                                Next

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

AtlasMail is an email service operated by Atlas. Upon signing up with Atlas, each law enforcement officer or other Covered Person receives their own AtlasMail account, with a unique inbox address (e.g. john.doe23@atlasmail.com) for their personal use. A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:

**How AtlasMail Works**

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your sensitive personal information.

Atlas has created an email service, called **AtlasMail**, for its members to use for this purpose.

✓ Upon completing this signup process, a new email account will be created for your personal use. It will be:
**john.doe23@atlasmail.com**

✓ You can access this email account from within the Atlas web application.

✓ This email account belongs to you and you can use it however you want, within certain anti-spam and similar limitations imposed by our terms of service.

Back                                    Next

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the law enforcement officer or other Covered Person is then presented with a page on which they can review their home addresses and unpublished home telephone numbers, a takedown notice template, and a recommended list of data brokers to send notices to. On this page the law enforcement officer or other Covered Person can choose whether or not to send takedown notices. If they choose not to send takedown notices to the recommended list, they can select individual recipients at a later page (as shown in the example copied below). Here, each of the Individual Plaintiffs and Covered Persons sent Defendants a takedown notice.



**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

Any reply or response back from a data broker to the law enforcement officer or other
Covered Person is received and displayed in their AtlasMail inbox. AtlasMail is a fully featured
email service provider, and its users can reply, forward, or use their AtlasMail account as they
would any other email account:



**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons. This lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight. Atlas will work with the Court and Defendants to implement a protective order to then provide Defendants with the assignments and other information for each of the Covered Persons.

**ANSWER:**

Infomatics admits only that Plaintiffs purport to bring this action for alleged violations of

Daniel's Law. Infomatics denies having violated Daniel's Law, or any other law, denies that

Plaintiffs are entitled to any relief whatsoever from Infomatics, and denies any remaining

allegations in Paragraph 29 of the Complaint.

**Defendants**

**COMPLAINT ¶30:**

Defendant Infomatics LLC is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

**ANSWER:**

Infomatics admits only that it maintains a website with access to publicly available

information regarding certain persons. Infomatics denies any remaining allegations in Paragraph

30 of the Complaint.

**COMPLAINT ¶31:**

Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 31 of the Complaint.

15

**COMPLAINT ¶32:**

Defendants offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey. Those websites include:

> infomatics.com
> mugshotlook.com
> privatereports.com

**ANSWER:**

Infomatics admits only that it maintains the websites identified as "mugshotlook.com"

and "privatereports.com" in Paragraph 32 of the Complaint. Infomatics denies the remaining

allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons). The following is a redacted example of the detailed information provided by Defendants,[8] in violation of Daniel's Law:

---

[8] Consistent with the mandate of Daniel's Law and the public policy considerations underpinning Rule 1:38-7, personal information in the search results has been redacted from the exemplar screenshots included herein.

320602922v.1



320602922v.1



**ANSWER:**

Infomatics states that the referenced website is the best evidence of its contents and denies any allegations in Paragraph 33 of the Complaint that are inconsistent with the contents of the referenced website. Infomatics denies the remaining allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Daniel's Law was passed to protect those who serve from the disclosure of this protected information by such services, which disclose such information of the Individual Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

**ANSWER:**

The allegations in Paragraph 34 of the Complaint consist entirely of legal conclusions and, therefore, no answer is required to the allegations in Paragraph 34 of the Complaint. To the

extent an answer is required, Infomatics denies any allegations in Paragraph 34 of the Complaint that are inconsistent with the cited statute. Infomatics denies any remaining allegations in Paragraph 34 of the Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶35:**

This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

**ANSWER:**

Infomatics denies the allegations in Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

Venue is proper pursuant to R. 4:3-2, in that Bergen County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business. In addition, many of the events giving rise to this action occurred in this County.

**ANSWER:**

Infomatics denies the allegations in Paragraph 36 of the Complaint.

## FACTS COMMON TO ALL COUNTS

**COMPLAINT ¶37:**

As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 codified as N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1).

**ANSWER:**

The allegations in Paragraph 37 of the Complaint consist entirely of legislative history and, therefore, no answer is required to the allegations in Paragraph 37 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 37 of the Complaint that are inconsistent with the cited statute and/or its legislative history. Infomatics denies any remaining allegations in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

**ANSWER:**

The allegations in Paragraph 38 of the Complaint consist entirely of legal conclusions and, therefore, no answer is required to the allegations in Paragraph 38 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 38 of the Complaint that are inconsistent with the cited statute. Infomatics denies any remaining allegations in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

**ANSWER:**

The allegations in Paragraph 39 of the Complaint consist entirely of legal conclusions and, therefore, no answer is required to the allegations in Paragraph 39 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 39 of the Complaint that are inconsistent with the cited statute. Infomatics denies any remaining allegations in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

**ANSWER:**

The allegations in Paragraph 40 of the Complaint consist entirely of legal conclusions and incomplete statutory quotations and, therefore, no answer is required to the allegations in Paragraph 40 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 40 of the Complaint that are inconsistent with the cited statute. Infomatics denies any remaining allegations in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

Daniel's Law was amended in 2023, as P.L. 2023, c. 113. The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

**ANSWER:**

The allegations in Paragraph 41 of the Complaint consist entirely of legislative history and, therefore, no answer is required to the allegations in Paragraph 41 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 41 of the Complaint that are inconsistent with the cited statute and/or its legislative history. Infomatics denies any remaining allegations in Paragraph 41 of the Complaint.

**COMPLAINT ¶42:**

Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166.1, went into effect immediately.

**ANSWER:**

The allegations in Paragraph 42 of the Complaint consist entirely of legal conclusions and, therefore, no answer is required to the allegations in Paragraph 42 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 42 of the Complaint that are inconsistent with the cited statute. Infomatics denies any remaining allegations in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[9]

3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.

b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.

c. The court shall award:

> (1)    actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;

> (2)    punitive damages upon proof of willful or reckless disregard of the law;

> (3)    reasonable attorney's fees and other litigation costs reasonably incurred; and

> (4)    any other preliminary and equitable relief as the court determines to be appropriate.

d. For the purposes of this section:

> ..."Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

**ANSWER:**

The allegations in Paragraph 43 of the Complaint consist entirely of incomplete statutory citations and quotations and, therefore, no answer is required to the allegations in Paragraph 43 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in

---

[9] https://pub.njleg.state.nj.us/Bills/2022/PL23/113 .PDF

Paragraph 43 of the Complaint that are inconsistent with the cited statute. Infomatics denies any remaining allegations in Paragraph 43 of the Complaint.

## COMPLAINT ¶44:

Starting on or about December 29, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

## ANSWER:

Infomatics admits that it received requests from certain persons, including named-Plaintiffs, seeking to have certain personal identifying information removed from Infomatics' website. Infomatics denies the remaining allegations in Paragraph 44 of the Complaint, and specifically denies that it violated Daniel's Law, or any other law.

## COMPLAINT ¶45:

For example, a true and correct copy of the email directly from Plaintiff Andreyev (with personal information redacted) is pasted here:



Data Subject Request – Redaction/nondisclosure Request

To        support@mugshotlook.com
From      Peter Andreyev <███████████@atlasmail.com>
Date      Thu, Jan 25, 2024 4:58 AM

Mug Shot Look
January 25, 2024

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: Peter Andreyev

Phone:████████████████████

Sincerely,
Peter Andreyev

320602922v.1

**ANSWER:**

Infomatics states that the referenced email is the best evidence of its contents and denies

any allegations in Paragraph 45 of the Complaint that are inconsistent with the contents of the

referenced email. Infomatics denies any remaining allegations in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individuals Plaintiffs and Covered Persons within the time period required by Daniel's Law.

**ANSWER:**

Infomatics denies the allegations in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

Even as of the date of this filing, Defendants still refuse to comply with Daniel's Law. Protected information of the Individual Plaintiffs and those Covered Persons who assigned Atlas their Daniel's Law claims against Defendants remains available from Defendants using Defendants' search tools or other means of disclosure.

**ANSWER:**

Infomatics denies the allegations in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs) have assigned their claims against Defendants to Atlas.

**ANSWER:**

Infomatics lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

**ANSWER:**

Infomatics admits that Plaintiffs purport to bring this action for alleged violations of Daniel's Law. Infomatics denies having violated Daniel's Law, or any other law, denies that Plaintiffs are entitled to any relief whatsoever from Infomatics, and denies any remaining allegations in Paragraph 49 of the Complaint.

**COUNT ONE**

**COMPLAINT ¶50:**

The allegations of the Complaint set forth above are included herein as if set forth at length.

**ANSWER:**

Infomatics restates its answers to Paragraphs 1 through 49 as its answer to Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

**ANSWER:**

Infomatics admits that it received requests from certain persons, including named-Plaintiffs, seeking to have certain personal identifying information removed from Infomatics' website. Infomatics denies the remaining allegations in Paragraph 51 of the Complaint, and specifically denies that it violated Daniel's Law, or any other law.

**COMPLAINT ¶52:**

Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

**ANSWER:**

The allegations in Paragraph 52 of the Complaint consist entirely of legal conclusions and, therefore, no answer is required to the allegations in Paragraph 52 of the Complaint. To the extent an answer is required, Infomatics denies any allegations in Paragraph 52 of the Complaint that are inconsistent with the cited statute. Infomatics denies any remaining allegations in Paragraph 52 of the Complaint, and specifically denies that it violated Daniel's Law, or any other law.

**COMPLAINT ¶53:**

As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and the Covered Persons remains "available or viewable within a searchable list or database" or otherwise made available.

**ANSWER:**

Infomatics denies the allegations in Paragraph 53 of the Complaint.

**COMPLAINT ¶54:**

Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law.

**ANSWER:**

Infomatics denies the allegations in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request all available relief.

**ANSWER:**

Infomatics denies the allegations in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information of the Individual Plaintiffs and the Covered Persons remains disclosed or

otherwise made available despite proper requests for nondisclosure in violation of Daniel's Law. As such, Plaintiffs request that the Court enter all appropriate legal and equitable relief.

**ANSWER:**

Infomatics denies the allegations in Paragraph 56 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:

A.    Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B.    Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C.    Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D.    Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E.    Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F.    Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law; and

G.    Awarding such other and further relief against Defendants as the Court deems equitable and just.

**ANSWER:**

Infomatics denies that Plaintiffs are entitled to any of the relief requested in the

Complaint, and further denies that Plaintiffs are entitled to any relief whatsoever from

Infomatics.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Infomatics asserts the following affirmative and other defenses to the Complaint, and reserves its right to raise additional defenses as may be discovered during the course of these proceedings:

### FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because one or more Plaintiffs lack standing to pursue their claims.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because, at all times relevant to this matter, Infomatics acted in good faith and complied with all applicable laws, including Daniel's Law.

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Atlas is not an appropriate assignee under Daniel's Law because one or more of the assignors are invalid.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, as a result of, among other things, Atlas intentionally waiting and sending takedown notices in a manner that was intended to create noncompliance.

320602922v.1

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Atlas's actions constitute entrapment by sending takedown notices in a burdensome manner and failing or refusing to respond to Infomatics with regard to questions about the notice.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because performance was impossible, as a result of, among other things, the delay and intentional sending of thousands of takedown notices in a manner intended to make it impossible to comply.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages including, but not limited to, delaying takedown requests and refusing to provide responses to Infomatics' inquiries regarding the takedown requests.

## TENTH DEFENSE

The alleged damages sustained by Plaintiffs, if any, were caused by the conduct of third parties over whom Infomatics had no control.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have not suffered any damages proximately caused by any action or inaction of Infomatics.

## TWELFTH DEFENSE

Plaintiffs' claims are barred because this Court lacks personal jurisdiction over Infomatics

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not comply with the obligations of Daniel's Law to trigger any obligations by Infomatics under Daniel's Law.

## FOURTEENTH DEFENSE

Plaintiffs' claims fail to the extent that Infomatics is not a proper party to this lawsuit, including with respect to the websites identified n the Complaint.

## FIFTEENTH DEFENSE

To the extent Infomatics is found to be liable to Plaintiffs, Infomatics is entitled to equitable indemnification from Atlas.

## SIXTEENTH DEFENSE

Plaintiffs' claims for liquidated damages fail to the extent that such damages would constitute an impermissible penalty and/or fail to reasonably relate to any claimed actual damages.

## SEVENTEENTH DEFENSE

Plaintiffs' claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages and/or to the extent that such damages would be inconsistent with state or federal constitutional principles.

## EIGHTEENTH DEFENSE

Plaintiff's claims for injunctive relief fail to the extent that they have not set forth any basis for such relief, including as to Atlas, which is not a "Covered Person."

## NINETEENTH DEFENSE

Daniel's Law may not be enforced against Infomatics because it facially violates the United States and/or New Jersey Constitutions. Alternatively, application of Daniel's Law against Infomatics under the facts of this case would violate the United States and/or New Jersey Constitutions.

320602922v.1

## TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part because they are frivolous and, therefore, in violation of N.J.S.A. 2A:15-59.1

## TWENTY FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because Daniel's Law does not apply extraterritorially.

## TWENTY SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because their claims are barred by the Communications Decency Act.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiffs' Complaint, Infomatics prays that:

(1)     Plaintiffs' Complaint be dismissed in its entirety, and with prejudice, as to Infomatics, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and further relief as the court deems just and proper.

320602922v.1

Dated:  October 3, 2025          Respectfully submitted,

                                SEYFARTH SHAW LLP

                            By: */s/ Robert T. Szyba*
                                Robert T. Szyba
                                SEYFARTH SHAW LLP
                                620 Eighth Avenue, 32nd Floor
                                New York, New York  10018
                                Telephone:  (212) 218-5500
                                Facsimile:  (212) 218-5526
                                rszyba@seyfarth.com

                              *Attorneys for Defendant Infomatics LLC*

320602922v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2025, I caused to be electronically filed the foregoing Defendant Infomatics LLC's Answer To Plaintiffs' Complaint And Affirmative And Other Defenses, and caused to be served a true and correct copy via CM/ECF on all counsel of record.

<i><u>s/ Robert T. Szyba</u></i><br>Robert T. Szyba

320602922v.1